IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.

05 NOV -1  AM 11: 0

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | X X X |
| Plaintiff, | X |
| vs. | X X  Cr. No. 01-20303-B |
| CARLOS FUTRELL, | X X |
| Defendant. | X X X |

---

## ORDER DENYING MOTION FOR TIME SERVED AND JAIL CREDIT

---

Defendant, Carlos Futrell, prison registration number 208475, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, has filed a "motion for time served and jail credit" in this closed criminal case.

On December 11, 2001, Futrell was indicted by a federal grand jury on one count of sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 2313 (Count one), and one count of transportation of  stolen vehicles, in violation of 18 U.S.C. § 2312 (Count two).  On April 8, 2003, defendant pled guilty to Count one of the indictment pursuant to a plea agreement providing that Count two would be dismissed at the sentencing hearing.  On July 9, 2003, the Court sentenced Futrell to thirty months imprisonment, to run consecutively to his undischarged state sentence.  The Court

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 11-2-05

entered its judgement imposing its sentence on July 11, 2003. Futrell did not appeal.[1]

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (I) extraordinary and compelling reasons warrant such a reduction;
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

---

[1] Futrell alleges that he was arrested on June 12, 2002, by Miami-Dade County Florida law enforcement for driving without a license and was detained at the request of federal authorities. He further alleges that he was erroneously released on August 5, 2002 to authorities of Madison County, Alabama. Futrell states that on October 23, 2003, he was released into the custody of the State of Tennessee for a parole violation. Futrell is currently serving the remainder of his twenty-five year sentence for a second degree murder conviction imposed by Shelby County Criminal Court in 1991.

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Futrell's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

Furthermore, the commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

(a)   Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)   Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

3

(1)  as a result of the offense for which the
sentence was imposed; or

(2)  as a result of any other charge for which the
defendant was arrested after the commission of
the offense for which the sentence was
imposed;

that has not been credited against another
sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18
U.S.C. § 3585(b). That task is reserved for the Attorney General
of the United States through the BOP. United States v. Wilson, 503
U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242,
251 (6th Cir. 1996).

Furthermore, Futrell must exhaust his administrative remedies
through the BOP before he may petition the district court to review
any administrative decision denying credit for presentence
detention. A prisoner who wishes to appeal a decision by the BOP
must seek administrative review of the computation or denial of
credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted
all administrative remedies, he may then seek judicial relief
pursuant to 28 U.S.§ 2241. See Wilson, 503 U.S. at 335; McClain v.
Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States
v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[2]

Thus, exhaustion of administrative remedies within the BOP is
a jurisdictional prerequisite to seeking the district court's

---

[2]      Habeas corpus is the remedy for a federal prisoner who is raising
issues that challenge the execution of his sentence. United States v. Jalili, 925
F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d
74, 78 (6th Cir. 1977).

review of the BOP's sentence credit calculation.  Futrell has not yet been released into the custody of the BOP.  Clearly, he has not pursued his administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over his claim for jail credit. <u>Wilson</u>, 503 U.S. at 333; <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38; <u>see also</u> <u>Davis v. Keohane</u>, 835 F.2d 1147 (6th Cir. 1987); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981).

Futrell's motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.


IT IS SO ORDERED this 31st day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE


5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:01-CR-20303 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

Carlos Futrell
WHITEVILLE CORRECTIONAL FACILITY
208475
P.O. Box 679
Whiteville, TN 38075

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT